IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL ESTRADA,

    Petitioner,

v.                                               No. 14-cv-500 KG/RHS

JAMES JANECKA, WARDEN, and
GARY K. KING, NEW MEXICO
ATTORNEY GENERAL,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Raul Estrada's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1). The matter has been referred to the undersigned to analyze and to recommend a disposition to the assigned District Judge (Doc. 3). After a careful review of the Petition (Doc. 1), Respondents' Answer (Doc. 7), Petitioner's Reply (Doc. 8) and other documentation available to the Court, it is recommended that the Petition be denied and the case be dismissed with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2002, after a trial by jury, Petitioner was found guilty of six counts of the first-degree offense of criminal sexual penetration of a child under the age of 13, in violation of NMSA 1978, § 30-09-11(C) (1), and six counts of the third-degree offense of criminal sexual contact of a minor, in violation of NMSA 1978, § 30-09-13(A) (Doc. 7-1 at 1-9). Petitioner was sentenced on November 7, 2002, to a term of incarceration of thirty-six (36) years with ten (10) years suspended, for an actual term of imprisonment of twenty-six (26) years followed by two

(2) years parole and release to the custody of the agency formerly known as the United State Immigration and Naturalization Service (Doc. 7-1 at 5-6).

On December 5, 2002, Petitioner filed a Notice of Appeal (Doc. 7-1 at 10). The New Mexico Court of Appeals filed a Notice Proposed Summary Disposition on March 29, 2004 (Doc. 7-1 at 25), and then affirmed the conviction on May 25, 2004 (Doc. 7-1 at 33-38). The state court record reflects that Petitioner did not file for a writ of certiorari to the New Mexico Supreme Court. Therefore, Petitioner's state conviction became final on June 24, 2004. More than nine (9) years later, on December 16, 2013, Petitioner filed his state petition for writ of habeas corpus (Doc. 7-1 at 45). The state court denied the petition on February 12, 2014 (Doc. 7-1 at 67-68). Petitioner filed a Petition for Writ of Certiorari to the Third District Court on March 17, 2014 (Doc. 7-2 at 1-7). The New Mexico Supreme Court denied the Writ of Certiorari on March 28, 2014 (Doc. 7-2 at 32).

On May 23, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 seeking federal habeas corpus relief. Petitioner raised five grounds for relief: (1) denial of effective assistance of counsel, (2) double jeopardy, (3) convictions based on insufficient evidence, (4) denial of right to present alibi defense, and (5) prosecutorial misconduct (Doc. 1). Respondents filed their Answer (Doc. 7) on July 8, 2014. Respondents assert that the Petition should be dismissed because it is time-barred pursuant to §2241(d)(1) (Doc. 7).

## **STANDARD OF REVIEW**

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004). The AEDPA provides a one-year

statute of limitations for habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A). However, § 2244 also contains a provision that establishes a tolling period under certain circumstances. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection." While the filing of a state habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (FN3 citing an unpublished Order and Judgment in Baker v. Saffle, No. 00-6022, 2000 WL 1144971, at *1 (10th Cir. Aug. 14, 2000)). State post-conviction relief filed after the AEDPA's limitations period has run does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2). Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); see, e.g., Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007).

## ANALYSIS

Respondents argue that Petitioner is not entitled to any relief because the Petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). Petitioner does not dispute that his Petition is time-barred, but asserts that the AEDPA "should not be used as a constitutional bar in a case such as this where the law has not been applied justly" (Doc. 8 at 1). He claims that it would be a "fundamental error" to allow the "tactics used by the state to support its prosecution of a foreign national who was, and still is, ignorant of the rights given to him under the United States Constitution." Id. Although the Court will construe Petitioner's *pro se* Petition liberally, it cannot disregard the statutory provisions governing the statute of limitations contained in the AEDPA, even in the face of Petitioner's assertions of constitutional violation.

It is undisputed that the state court Judgment and Order Partially Suspending Sentence (Doc. 7-1 at 1) was filed on November 7, 2002. Petitioner timely filed his Notice of Appeal on December 5, 2002. See NMSA 1978, 39-3-3(A) (which states that a criminal defendant has thirty days from entry of final judgment to file a notice of appeal). The New Mexico Court of Appeals affirmed the conviction on May 25, 2004 (Doc. 7-1 at 25). Petitioner did not petition for writ of certiorari, so his conviction became final thirty (30) days after May 24, 2004, the date that the New Mexico Court of Appeal filed its Memorandum affirming the conviction. By the Court's calculation, Petitioner had until June 24, 2005 to file for federal habeas corpus review. § 2244(d).

Petitioner waited until December 13, 2013, to file his state habeas petition. On May 23, 2014, Petitioner filed the federal habeas Petition, which was more than nine (9) years after the one-year deadline imposed by § 2244 (d)(1). The record demonstrates that Petitioner did not file any post-conviction relief or other collateral review that would have tolled the limitations period.

As discussed, *supra*, state post-conviction relief or other collateral review filed after the AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2).

Accordingly, the instant Petition is time-barred, since the one-year statute of limitations period expired on June 24, 2005.  In light of the fact that the pleading is time-barred, the Court recommends dismissal of the Petition (Doc. 1).

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2254 Petition.  Therefore, the Court recommends that Petitioner Raul Estrada's Petition (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE